IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:14-cv-00324-MR
[CRIMINAL CASE NO. 3:08-cr-00260-MR]

| | |
|---|---|
| REGINALD LAMAR DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Hold in Abeyance [Doc. 5] and Petitioner's Response to Show Cause Order [Doc. 6].

I. PROCEDURAL BACKGROUND

On June 18, 2014, the Federal Defenders of Western North Carolina filed a motion on behalf of the Petitioner to correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1]. In the motion, the Federal Defenders argue that in light of the Supreme Court's decision in Descamps v. United States, 133 S.Ct. 2276 (2013), the Court erred in treating Petitioner's prior North Carolina conviction for breaking or entering in violation of N.C. Gen. Stat. § 14-54 as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C.

§ 924(e) (ACCA). The motion, however, made no reference to the recent decision of the Fourth Circuit Court of Appeals in United States v. Mungro, __ F.3d __, 2014 WL 2600075 (4th Cir. June 11, 2014), a published decision in which the Fourth Circuit explicitly held that a conviction for breaking or entering under North Carolina law constitutes a predicate offense under the ACCA. Accordingly, on June 20, 2014, the Court entered an Order directing Petitioner's counsel to show cause (1) why the § 2255 motion should not be dismissed in light of Mungro and (2) why the Federal Defenders should not be sanctioned for failure to disclose this legal authority to the Court in the motion to vacate. [Doc. 4].

Petitioner's counsel filed a Response to the Show Cause Order on June 24, 2014 [Doc. 6], along with a motion to hold in abeyance the § 2255 proceedings pending the final disposition of Mungro by the Fourth Circuit and the United States Supreme Court [Doc. 5].

## II. DISCUSSION

In response to the Court's directive to show cause why the § 2255 motion should not be dismissed in light of Mungro, Petitioner concedes that the Mungro case presents an issue that is dispositive on the merits of his motion, and that the decision in Mungro will likely be dispositive on the merits of his motion once the decision becomes final. Accordingly,

2

Petitioner moves the Court to hold his motion in abeyance pending a final decision in Mungro. For cause shown, Petitioner's request to hold this matter in abeyance will be granted.

In response to the Court's directive to show cause why counsel should not be sanctioned for failing to disclose the existence of the Mungro decision in the § 2255 motion, counsel state that they were operating under a good faith belief that, because the mandate has not yet issued, the Mungro decision is not binding and therefore does not constitute a "legal authority in the controlling jurisdiction." While Mungro is not yet final pending the issuance of the mandate, the decision nevertheless constitutes "legal authority in the controlling jurisdiction." See N.C.R. Prof'l Conduct 3.3(a)(2) (providing that counsel shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel"). Under the Rules of Professional Conduct, "legal authority in the controlling jurisdiction" is not limited to nor synonymous with "binding precedent." As the commentary to the Rule discloses, "[a] lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities . . . . The underlying

concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case." Id., comment n.4.

In response to the Court's Show Cause Order, counsel explained quite succinctly the rationale behind filing the Petition in this case as well as the basis underlying Petitioner's abeyance motion. Both explanations would have been more appropriately made at the outset. Counsel was under a duty to disclose the existence of Mungro to the Court.

While the Federal Defenders failed to disclose relevant legal authority in this case, the Court finds that such failure to disclose was not done with the intent to deceive the Court. Accordingly, the Court in the exercise of its discretion will not impose sanctions against counsel. In the future, however, counsel is expected to comply fully with their ethical obligations to disclose all pertinent legal authority, regardless of its procedural posture.

**IT IS, THEREFORE, ORDERED** that the Show Cause Order [Doc. 4] is **DISCHARGED**.

**IT IS FURTHER ORDERED** that the Petitioner's Motion to Hold in Abeyance [Doc. 5] is **GRANTED**, and this case shall be held in abeyance pending the final disposition of United States v. Mungro, __ F.3d __, 2014 WL 2600075 (4th Cir. June 11, 2014).

4

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge